UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

BARRY SCOTT MICHAELSON,

    Plaintiff,

v.

STATE OF MINNESOTA, D.O.C.
FARIBAULT, CONNIE ROEHRICH,
Warden, LOREN SKUDLARCK, M.S. LP,
MATANA MORIN, Ph.D., LP, AND
ROBIN BALLINA, M.D.,

    Defendants.

Civil No. 09-2862 (MJD/FLN)

**REPORT AND RECOMMENDATION**

Plaintiff, a state prison inmate,[1] commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. 1983." (Docket No. 1.) The case has been assigned to the undersigned Magistrate Judge of the District Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[2] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, and that this action should therefore be dismissed pursuant to § 1915A(b)(1).

---

[1] Plaintiff was an inmate at the Anoka County Jail in Anoka, Minnesota, when he commenced this action. However, a website maintained by the Minnesota Department of Corrections, (www.corr.state.mn.us), indicates that Plaintiff is currently incarcerated at the Minnesota Correctional Facility at St. Cloud, Minnesota.

[2] Plaintiff did not tender the required filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) It appears from Plaintiff's IFP application that he may be unable to pay even the initial partial filing fee that prisoners are required to pay pursuant to 28 U.S.C. § 1915(b)(1). Thus, the Court finds, at least for now, that Petitioner has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

## I. BACKGROUND

Plaintiff alleges that during 2007 and 2008, he was incarcerated at the Minnesota Correctional Facility in Faribault, Minnesota, ("MCF-FRB"). While Plaintiff was at MCF-FRB, he allegedly was "diagnosed as mentally ill with the following: A.D.H.D. – Attention Deficit Hyper Disorder; P.T.S.D. – Post Traumatic Stress Disorder; BiPolar II Disorder; [and] Manic Depression." (Complaint, p. 4, "Statement of Claim," ¶ 4.) He alleges that no one ever told him about this diagnosis, and "[n]o treatment plan was provided to the Plaintiff by any members of the prison staff." (Id.)

Plaintiff further alleges that "[t]he Warden and other responsible actors at [MCF-FRB] ... abused [his] rights as a mentally ill prisoner," "fail[ed] to render proper care and treatment for [his] mental illness," and "were negligent in not providing a suitable release plan for a mentally ill person as mandated by Minnesota statutes." (Id., ¶ 1.) He also broadly alleges "that he was discriminated against as a mentally ill prisoner since he was not provided with the necessary care and was excluded from participation in or denied the benefits of the programs which the prison has for mentally ill and indigent prisoners." (Id., ¶ 3.)

Plaintiff was released from MCF-FRB in May 2008. (Id., ¶ 1.) However, it appears that sometime thereafter he was arrested and charged with new criminal offenses.[3] Plaintiff seems to be claiming that he committed his new crimes because he was not told about the mental health diagnosis that allegedly was made while he was at MCF-FRB. He claims that "[b]y not abiding by the law in providing... a release plan, [he] was put at risk of harm

---

[3] A website maintained by the Minnesota Department of Corrections, (www.corr.state.mn.us), indicates that Plaintiff was convicted of first degree felony burglary.

2

in a dangerous and unsafe environment which has resulted in his relapse." (Id.)

Plaintiff is now attempting to sue the various Defendants listed in the caption of his complaint, who apparently are employees of the State of Minnesota, working at MCF-FRB. Plaintiff is seeking a judgment that would effect his "immediate release from prison," and compel the State of Minnesota to "abide by applicable Supreme Court decisions in regard to mentally ill inmates and to provide the mandated release plans to all such prisoners." He is also asking for $1,000.000.00 in damages.
(Complaint, p. 3, § V, "Relief.")

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

To state an actionable claim for relief, a complaint must allege a set of historical facts, which, if proven true, would entitle the plaintiff to a judgment against the defendants under some cognizable legal theory. While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286

3

(8th Cir. 1980) (emphasis added).  See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"); Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

To state an actionable § 1983 civil rights claim, as Plaintiff apparently is attempting to do here, a complaint must allege facts showing that each named defendant was personally involved in some alleged violation of the claimant's federal constitutional rights. Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (to state an actionable civil rights claim, a complaint must describe what, specifically, each named defendant did, or failed to do, that allegedly violated the claimant's constitutional rights); Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (civil rights claimants must plead facts showing the defendant's personal involvement in alleged constitutional wrongdoing). See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability in a civil rights action "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same).

Plaintiff's current complaint fails to state an actionable § 1983 claim, because of three distinct flaws – each of which is fatal.

First, Plaintiff has not described any specific wrongful acts or omissions by any of the named Defendants.  Indeed, none of the Defendants is even mentioned in the "Statement of Claim" section of Plaintiff's complaint.  The complaint does mention "the Warden," presumably meaning Defendant Connie Roehrich, but Plaintiff has not described any specific acts or omissions by Defendant Roehrich.  The complaint states only a

4

conclusory allegation against Roehrich – namely that she and "other responsible actors" abused Plaintiff's "rights as a mentally ill person," and "were negligent in not providing a suitable release plan." This allegation alone does not include enough specific facts to state an actionable claim for relief against Defendant Roehrich.[4] And again, none of the other Defendants is even mentioned in the nominal factual allegations pleaded in the complaint. Because Plaintiff has not described what, specifically, each Defendant allegedly did or failed to do, his complaint fails to state an actionable claim for relief against any of the named Defendants.

Second, the complaint does not describe any violation of Plaintiff's federal constitutional rights. In fact, the complaint does not mention the Constitution, or any specific constitutional rights. Moreover, it appears that Plaintiff's claims are actually based on Minnesota state statutes, and state common law negligence principles. In the absence of diversity of citizenship, (which is plainly absent here), the federal court lacks subject matter jurisdiction over such state law claims. In any event, Plaintiff has clearly failed to state an actionable § 1983 claim, because he has not identified any violation of his constitutional rights.

Finally, Plaintiff's complaint is defective, because he is seeking release from prison, and such relief is not available in a § 1983 civil rights action. It is well-settled that a prisoner cannot challenge the fact or duration of his incarceration in a civil rights action;

---

[4] It looks like Plaintiff may be attempting to hold Defendant Roehrich vicariously liable for some alleged misconduct of some unidentified subordinates. If that is Plaintiff's intent, then it is even more certain that he has not stated an actionable § 1983 claim against Defendant Roehrich, because the doctrine of respondeat superior is not applicable to § 1983 claims. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

habeas corpus is the exclusive federal remedy for a state prisoner who seeks an expedited release from custody. Heck v. Humphrey, 512 U.S. 477, 481 (1994); Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973) (same).

Even when a prisoner is not directly challenging the fact or duration of his incarceration, he cannot bring a § 1983 civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483. In this case, Plaintiff seems to contend that Defendants are responsible for his current incarceration. If that contention were to be sustained, the validity of Plaintiff's incarceration would certainly be in doubt. Plaintiff's specific request for an "immediate release" from prison confirms that, (at least according to Plaintiff), a vindication of his current claims would necessarily invalidate his conviction and sentence. Plaintiff's current lawsuit is therefore barred by Heck.

## III. CONCLUSION

For each of the reasons discussed above, the Court concludes that Plaintiff has failed to plead an actionable § 1983 claim, and that this action must therefore be summarily dismissed pursuant to 28 U.S.C. § 1915A(b). Because Plaintiff has not stated a cause of action on which relief can be granted, his application for leave to proceed IFP, (see n. 2, supra), must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff remains liable for the unpaid balance of the $350 filing fee.[5] To date,

---

[5] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the

he has not paid any fee at all, so he still owes the full $350 fee. Prison officials will have to deduct that amount from his trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Lastly, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. This action be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350, in the manner prescribed by 28 U.S.C. § 1915(b)(2); and

4. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated: October  27 , 2009

            s/ *Franklin L. Noel*
            FRANKLIN L. NOEL
            United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **November 10, 2009**, written objections which specifically identify the portions of the proposed findings or

---

only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.