UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Barry Scott Michaelson,

    Plaintiff,

v.                                ORDER
                                  Civil No. 09-2862 (MJD/FLN)

State of Minnesota et al.,

    Defendants.

_____

    This matter is before the Court upon Plaintiff's *pro se* motion to reopen this case.

    Plaintiff is a state prison inmate who commenced this action alleging a violation of 42 U.S.C. § 1983. Because the Plaintiff is a prisoner seeking redress from government employees, the Magistrate Judge conducted an initial screening of the complaint pursuant to 28 U.S.C. § 1915A. Based on his review, the Magistrate Judge issued a Report and Recommendation to this Court, recommending that the action be dismissed and that Plaintiff's application to proceed *in forma pauperis* be denied. Plaintiff filed a timely objection to the Report and Recommendation. However, in the Order adopting the Report and Recommendation, it appears the objection was not reviewed by the Court.

1

The Court will thus grant the motion to reopen this case, and review the matter de novo, taking into consideration the timely objections filed herewith.

The Magistrate Judge determined that Plaintiff had failed to state an actionable § 1983 claim. First, the Magistrate Judge found that Plaintiff failed to allege any specific wrongs or acts by any of the named defendants. The Magistrate Judge further found that Plaintiff's allegation that defendants were negligent in not providing a suitable release plan is not specific enough to state a claim. Next, the Magistrate Judge found that the complaint does not describe any violation of a constitutional right. Instead, the claims allege violations of Minnesota statutes and state common law negligence. Finally, the Magistrate Judge found that Plaintiff's complaint was defective because for relief, he was seeking release from prison, and such relief is not available in a § 1983 claim.

In his objections to the Report and Recommendation, the Plaintiff attempts to provide more specificity to his claims that defendants did not properly address his mental health issues. Even with these additional allegations, Plaintiff has not alleged an actionable § 1983 claim. There are two essential elements to a Section 1983 claim: 1) the conduct complained of must be committed by someone acting under the color of state law; and 2) such conduct deprived the Plaintiff of his

rights, privileges or immunities secured by the Constitution or laws of the United States. DuBose v. Kelly, 187 F.3d 999, 1002 (8th Cir. 1999). As the Magistrate Judge initially found, Plaintiff's claims are nothing more than state law claims based in negligence or state statute. He does not state a claim that a constitutional right was violated.

Based on the Court's de novo review, the Court will adopt the Report and Recommendation dated October 27, 2009.

IT IS HEREBY ORDERED that:

1. Plaintiff's Application for Leave to Proceed *in forma pauperis* [Doc. No. 2] is DENIED;

2. This matter is DISMISSED pursuant to 28 U.S.C. 1915A(b)(1);

3. Plaintiff is required to pay the unpaid balance of the Court filing fee, namely the full $350 in the manner prescribed by 28 U.S.C. § 1915(b)(2); and

4. The dismissal of this action is counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Date: February 24, 2010      s/ Michael J. Davis
                             Chief Judge Michael J. Davis
                             United States District Court